NOT FOR PUBLICATION                                                                                  (Doc. No. 19)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Anthony MIGLIARO, | |
| Plaintiff, | Civil No. 15-5688 (RBK/KMW) |
| v. | **Opinion** |
| FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Anthony Migliaro's ("Plaintiff") Complaint against Defendant Fidelity National Indemnity Insurance Company ("Defendant") asserting breach of an insurance contract. Currently before the Court is Defendant's Motion for Summary Judgment (Doc. No. 19). For the reasons stated herein, Defendant's Motion is **GRANTED**.

I.   BACKGROUND

   A.   Facts

Plaintiff seeks to recover for damage to his property incurred as a result of Hurricane Sandy. Def.'s Statement of Undisputed Material Facts ("Def.'s SMF") ¶ 4.[1] Plaintiff's property was insured under a Standard Flood Insurance Policy ("SFIP") issued by Defendant under the National Flood Insurance Program. *Id.* ¶ 2. On November 29, 2012, Defendant arranged for an

---

[1] To the extent the parties agree on particular facts, the Court will cite Defendant's Statement of Undisputed Material Facts. Otherwise, the Court will rely on the record for disputed facts.

independent adjuster ("I.A.") to inspect the property. *Id.* ¶ 5. On the same day, Plaintiff submitted requests for advance payments of $25,000 in building damage and $10,000 in contents damage, and Defendant subsequently paid these amounts. *Id.* ¶¶ 6–7. On December 28, 2012, the I.A. sent a report to Defendant recommending payment for $74,864.17 in covered building damage and $15,584.94 in covered contents damage. *Id.* ¶ 8.[2] Defendant accepted the recommendation and thereafter issued Plaintiff a payment of $49,864.17, the difference between the advance and the payment recommended by the I.A. *Id.* ¶¶ 9–10.

On June 28, 2013, Plaintiff submitted a proof of loss signed by Plaintiff Anthony Migliaro in the amount of $236,702.57. *Id.* ¶ 12. Defendant responded with a letter dated July 15, 2013 that denied the proof of loss, for the reason that the proof of loss was not an accurate reflection of the covered damage. *Id.* ¶ 13. On December 13, 2013, Plaintiff filed a Complaint in the United States District Court for the District of New Jersey for breach of the insurance contract. *Id.* ¶ 14. Plaintiff moved to dismiss the suit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and the court granted the motion on January 16, 2015. *Id.* ¶ 15, 18.

**B.     Procedural History**

Plaintiff brought the present Complaint on July 22, 2015 for breach of the insurance contract (Doc. No. 1). Defendant filed a Motion for Summary Judgment on August 15, 2016 (Doc. No. 19).

---

[2] Local Civil Rule 56.1(a) requires that the opponent to summary judgment dispute a fact furnished by the movant by citing to affidavits and other documents. Any material fact not disputed is deemed undisputed for purposes of the motion. Plaintiff here denies several statements on the basis that "[t]he averments . . . refer to the contents of a written document, which speaks for itself." *See, e.g.*, Pl.'s Statement of Undisputed Material Facts ¶¶ 8, 9. This reasoning does not reference affidavits or other documents and thus fails to dispute the fact for purposes of the Motion. The Court therefore deems all such facts uncontested.

## II.     LEGAL STANDARD

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least put forth probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**III. DISCUSSION**

The SFIP is a creature of statute, codified at 44 C.F.R. pt. 61, app. A (2009). All disputes arising out of the handling of any claim under a SFIP are governed by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 et seq., the regulations promulgated thereunder by the Federal Emergency Management Agency ("FEMA"), and the federal common law. 44 C.F.R. pt. 61, app. A(1), art. IX; *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005). FEMA authorizes private companies, known as "Write Your Own" ("WYO") Companies, to issue SFIPs and adjust SFIP claims. 44 C.F.R. §§ 61.13(f), 62.23; 42 U.S.C. § 4071(a)(1) (2003). WYO Companies must handle SFIP claims by applying internal company standards in light of FEMA guidance. *Suopys*, 404 F.3d at 807 (citing 44 C.F.R. § 62.23(i)(1) (2003)).

In order to qualify for benefits under the SFIP, an insured must comply with all of the SFIP's terms and conditions. 44 C.F.R. pt. 61, app. A(1), art. I. An insured must also perfect its obligations under the SFIP as a prerequisite to bringing an action against a WYO Company to contest a denial of coverage. 44 C.F.R. pt. 61, app. A(1), art. VII(R). The Third Circuit strictly construes a claimant's obligation to comply with SFIP provisions because any claim paid is a direct charge to the United States Treasury. *Suopys*, 404 F.3d at 809.

Defendant argues that the Complaint is barred by the statute of limitations governing claims that seek to recover SFIP benefits against a WYO Company. The SFIP permits the insured to bring suit within one year after "the date of the written denial of all or part of the claim." 44 C.F.R. pt. 61, app. A(1), art. VII(R); *see also* 42 U.S.C. § 4072. The parties dispute whether Defendant's July 15, 2013 letter rejecting Plaintiff's proof of loss constitutes a written denial of his claim.

The Third Circuit has not explicitly defined what qualifies as a written denial of a claim seeking benefits under the SFIP. Other courts in New Jersey, however, have found a written denial where the defendant rejected a claim that was based on a sworn proof of loss. *See Kroll v. Johnson*, No. Civ. 14-2496 (FSH), 2014 WL 4626009, at *3–4 (D.N.J. Sept. 15, 2014); *Linblad v. Nationwide Mut. Ins. Co.*, No. Civ. 14-908 (NLH/KMW), 2014 WL 6895775, at *4–5 (D.N.J. Dec. 4, 2014) (surveying decisions in other courts). Here, Defendant denied Plaintiff's sworn proof of loss in a letter dated July 15, 2013, more than one year before Plaintiff commenced this suit. Plaintiff counters that the July 15, 2013 correspondence does not constitute a written denial because it also contains a sentence stating, "This is not a denial of your claim." Def.'s Mot. for Summary J. Ex. H. Representations made by a WYO Company, however, cannot alter the provisions of the SFIP absent express written consent of the Federal Insurance Administrator, 44 C.F.R. pt. 61, app. A(1), art. VII(D), and the Third Circuit has declined to find waiver of a SFIP requirement even where a letter from an insurance company contains contradictory language. *Suopys*, 404 F.3d at 810. Thus, the July 15, 2013 letter is a written denial that triggered the statutory period, and the Court grants the Motion for Summary Judgment.

**IV.  CONCLUSION**

For the reasons expressed above, Defendant's Motion for Summary Judgment is **GRANTED**.


Dated:   2/2/2017                                                                  s/ Robert B. Kugler

                                                                                                     ROBERT B. KUGLER

                                                                                                     United State District Judge